UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EUGENE BOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00382-LJM-DKL |
| ) | |
| RICHARD BROWN also known as DICK ) | |
| BROWN, ) | |
| ) | |
| Respondent. ) | |

**Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The question presented by this action for habeas corpus relief brought by Eugene Bowers, a state prisoner, is whether the prison disciplinary proceeding he challenges is tainted by constitutional error.

*Wolff v. McDonnell,* 418 U.S. 539 (1974), prescribes the procedural protections afforded an inmate who faces the loss of earned good time or a demotion in time earning classification.

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-567.

*Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

In the present case, the pleadings and the expanded record show that a conduct report in No. WVD 15-06-0038 charging Bowers with disorderly conduct was issued on June 13, 2015. The conduct report describes an incident which occurred on the morning of June 13, 2015, wherein Bowers and other inmates were in a line waiting for ice to be distributed. This occurred during "inside recreation" for the inmates and consisted of Bowers taking a scoop of ice back to his cell and returning a few minutes later. This detour was unauthorized, was contrary to the reporting officer's direct instructions to Bowers, and caused the other inmates waiting in line for the ice machine getting "visibly agitated." Other officers, whose principal duties at that time were elsewhere, arrived to assist with the situation.

Bowers was notified of the charge. A hearing was conducted on June 19, 2015. Bowers was present and made a statement concerning the charge. The hearing officer considered that statement, along with the conduct report, a video of the incident, and other evidence, and found Bowers guilty. Bowers was sanctioned, his administrative appeal was rejected, and this action followed.

Applying the requirements of *Wolff* and *Hill* as an analytical template, Bowers received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Bowers was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed. Bowers' claims to the contrary are without merit.

- Bowers' first claim is that the sanctions which were imposed violated the constitutional prohibition against double jeopardy. The fact that multiple types of sanctions were imposed for misconduct does not support a claim of double jeopardy.

- Bowers also claims that his right to present evidence was violated. However, the expanded record does not show that any effort by Bowers to present material evidence was rejected.

- Bowers' remaining claims of irregularities or misconduct by prison officials does not warrant the relief he seeks because a conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 562 and 571.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There is no constitutional infirmity entitling Bowers to relief.

Accordingly, his petition for a writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: ____1/9/2017____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

EUGENE BOWERS
882244
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838